[S. F. No. 15122. In Bank.—September 30, 1935.]

MILDA FAGERSTROM OLSON, Appellant, v. JOHANNA OLSON, Individually, etc., Respondent.

Lloyd Macomber for Appellant.

Edward R. Solinsky for Respondent.

CURTIS, J.—This is an action to impress a trust upon real property, and to recover possession of personal property. The real property consists of a dwelling house in San Francisco and the personal property consists of the furnishings in the dwelling.

The facts are somewhat unusual. The real property was acquired by Werner Olson and Milda Olson as husband and wife in 1924, the purchase price being paid from the earnings of both of them, and the title being taken in their names as joint tenants. It appears from the record that the furnishings were likewise paid for from the joint earnings of both of

them with the exception of a washing machine which it is claimed was a Christmas present from the husband to the wife. In May, 1929, Milda Olson, having saved up enough from her own earnings to make a trip to Sweden to visit her parents, made a deposit of some $400 with a steamship company but discovered upon making application at the Swedish consulate for a passport that because her husband had come from Canada and was not a naturalized American citizen that there might be considerable difficulty in procuring the passport and that, in fact, it might take so long that her deposit with the steamship company might be forfeited. Distressed by this turn of affairs she talked the situation over with a close friend who advised her to see a lawyer. This attorney, so Milda Olson testified, advised her to have the marriage annulled, which would leave her a Swedish subject, and would remove any obstacle to securing her passport, and upon her return from Sweden she could remarry. This ill-advised counsel was carried out, and on May 9, 1929, the complaint in annulment was filed, and the decree of annulment entered the following day. The grounds of annulment were that the ceremony had been performed by a person not properly authorized to perform such ceremony. Milda Olson left for Sweden on May 22, 1929, and remained there several months visiting her mother and friends and relatives. In July, so Milda Olson testified, she received a letter from Werner Olson stating that the encumbrances on the property would have to be renewed in September and that he would have to raise the money from some source to refinance the property, and asking her to sign a gift deed which he enclosed conveying to him outright her share of the real property held in joint tenancy by both of them, and assuring her that as soon as he had properly refinanced the property he would restore the title to its former status of joint tenancy between them. Milda Olson signed the gift deed and forwarded it to Werner Olson, who recorded it and made arrangements for the refinancing of the property. Upon her return from Sweden in October, 1929, they were not remarried, and on May 15, 1930, he died suddenly of pneumonia after an illness of less than a week, leaving no will, and with the real property standing of record in his name. Thereafter his mother, Mrs. Johanna Olson, as his sole heir at law, applied for and received letters of administration. As such administratrix she paid out in the payment of estate claims

and expenses an amount considerably more than the amount she took in. The second deed of trust was paid by the administratrix in full and there has been presented and filed a claim against the estate upon the first deed of trust held by the Bank of America in the sum of $2,150. This action was commenced after the filing of the first and final account and petition for final distribution of said estate and said matter has been withdrawn pending the outcome of this litigation. At the trial Milda Olson was unable to produce the letter which she claimed had been written by Werner Olson to her while she was in Sweden containing the promise that if she would convey the property to him by a gift deed he would, after the property was refinanced, restore the title to its former status of joint tenancy. In the absence of such letter, the question of whether or not such promise was in fact made depended solely upon the uncorroborated testimony of Milda Olson. The trial court found against her in favor of the defendant, Johanna Olson, mother of Werner Olson, with reference to both the real and personal property, and judgment was entered accordingly. From said judgment, this appeal is prosecuted.

With reference to the real property, we can see no escape for the appellant from the predicament in which she finds herself. The burden was upon her to establish by clear and convincing evidence that a promise was made to her by Werner Olson to subsequently restore the title to its former status and that in reliance upon such promise she executed the deed in question. She was unable to produce the letter which she claimed contained the promise and relied solely upon her own testimony to support her contention. It is apparent that the trial court did not deem this sufficient and found against her. In view of the fact that the only person who could successfully contradict her testimony was dead, the trial court was justified in considering her uncorroborated testimony as weak and unsatisfactory. The case therefore resolves itself into one involving a conflict in evidence, and an appeal from the judgment is necessarily futile. There are certain circumstances surrounding the giving of the deed of gift which tend to substantiate appellant's testimony, as for example the fact that there was need for a refinancing of the property at the time the deed was given. However, the fact that a judgment may seem to an appellate court to be against the weight

of evidence, or that the appellate court sitting in the place of the trial judge might have found the facts different will not avail to obviate the application and operation of the rule that a judgment may not be reversed when the evidence of the whole case is in conflict. (*Waer* v. *Waer*, 189 Cal. 178, 180 [207 Pac. 891].) The deed of gift, a written instrument, signed and acknowledged by appellant, and unimpaired by any presumption of undue influence arising out of a marital relation between the parties, was entitled to the full credit given to it by the trial court, and standing alone furnishes sufficient support for the findings of the trial court upon which the judgment with reference to the real property was predicated.

It is to be noted, however, that with reference to the personal property consisting of the furnishings of said dwelling which originally cost approximately $1,000, the situation is entirely different inasmuch as no written instrument, or evidence of any kind, is offered to prove that this property, originally belonging to Milda Olson and Werner Olson, ever became the sole and separate property of Werner Olson. With reference to the washing machine, the evidence is unequivocal and uncontradicted that it was a Christmas present and therefore an outright gift to Milda Olson from Werner Olson. It is obvious, therefore, that said machine is the separate property of Milda Olson and she is entitled to its possession. Likewise, the evidence is unequivocal that the other personal property consisting of the furnishings of said home were purchased jointly by Milda Olson and Werner Olson and were paid for from the earnings of both parties. Receipted bills made out in the name of Milda Olson by the furniture company from whom said furniture was purchased were introduced in evidence. In fact, no claim is made by respondent that said personal property was not originally bought and paid for by both Milda Olson and Werner Olson. No division was made of this property at the time the annulment was secured. Hence at the time of Werner Olson's death ownership thereof was equally vested in both of them. Milda Olson is therefore entitled to a certain share as her own separate property and Johanna Olson is entitled to a share as the sole heir at law of Werner Olson. We are of the opinion that, under the circumstances, an equal division of the furnishings, excluding the washing machine, which as we

have seen belongs wholly to Milda Olson, would be a fair and proper division of the personal property.

 Respondent seeks to support the finding of the trial court whereby the entire personal property was allocated to Johanna Olson as the sole and separate property of Werner Olson upon the supposition that because, after Milda Olson's return from Sweden, Werner Olson remained in the family dwelling house for several weeks, subsequent to the time Milda Olson moved out, before renting the house and moving in with his mother, Werner Olson was in possession of such personal property at the time of his death, and such possession imported ownership. In view of the fact that there is no real dispute as to the actual ownership of the personal property by virtue of the unequivocal nature of the evidence that the property was purchased and paid for by Milda Olson and Werner Olson jointly (with the exception of the washing machine which was paid for by Werner Olson and given as a Christmas present to Milda Olson) no occasion arises for the application of the disputable presumption that a person is the owner of property from exercising acts of ownership over it. (Sec. 1963, subd. 12, Code Civ. Proc.)

It is unfortunate that in view of the small amount involved herein, since the excess of the value of the real property after the payment of the encumbrances against it is small and the entire value of the personal property is not over $1,000 a satisfactory compromise could not have been worked out between the parties and the cost of this litigation avoided.

Judgment is affirmed in so far as it affects the real property. In so far as it affects the personal property, judgment is reversed with directions to the trial court to enter judgment in accordance with the views herein expressed.

Waste, C. J., Thompson, J., Seawell, J., Langdon, J., and Shenk, J., concurred.

Rehearing denied.