[Civ. No. 13350. First Dist., Div. Two. Dec. 15, 1947.]

L. RENCH, Appellant, v. ROBERT B. McMULLEN, as Executor, etc., et al., Respondents.

Fitzgerald, Abbott & Beardsley and Stark & Champlin for Appellant.

Donahue, Richards & Hamlin and Donahue, Richards, Rowell & Gallagher for Respondents.

DOOLING, J.—Plaintiff brought this action to enforce an alleged resulting trust against McMullen. Pending the action McMullen died and the executor and executrix of his will were substituted as defendants. They filed a cross-complaint to quiet title and judgment went for defendants and cross-complainants.

The real property involved in the litigation was purchased by McMullen under an arrangement worked out by appellant Rench with the vendor. It is admitted that McMullen was the signatory to the original option to purchase and that McMullen made the down payment on the property and paid the balance of the purchase price from his own funds. The trial court found that the income received by McMullen from the property had been more than enough to repay these amounts.

Appellant testified that he had discovered that the property was for sale at a low price, had tried to raise the funds to purchase it himself and had then informed McMullen,

with whom he had had various business dealings over a period of many years, of the opportunity to buy it. He testified that McMullen had orally agreed to advance up to $15,000 on the transaction as a loan to appellant, to take the title in McMullen's name as security and to transfer it to appellant upon his repaying the advances with 6 per cent interest. Appellant's extensive activities in connection with the purchase of the property, its improvement and its subsequent rental were corroborated by a number of witnesses. It was established that a personal employee of appellant, whose salary was paid by appellant, had also devoted time to the transaction and that the original option to purchase the property which McMullen had signed was prepared by appellant's attorney at appellant's request. Some time after the property was acquired by McMullen, in connection with another transaction, McMullen offered appellant a 25 per cent interest in the property in litigation. Rench thereupon asserted his claim both orally and in writing to the entire property and, upon McMullen's denial both orally and in writing that Rench was entitled to the property, this action was commenced.

■ By way of impeachment of appellant, his conviction of a felony was proved and by way of rehabilitation appellant proved his subsequent pardon by the governor. The effect of these facts as discrediting appellant's testimony was for the trial court to determine. If the trial judge after weighing the facts of conviction and pardon reached the conclusion that appellant's testimony was not worthy of full belief his discretion cannot be interfered with on appeal. (*People* v. *Hardwick,* 204 Cal. 582 [269 P. 427, 59 A.L.R. 1480]; *Dozier* v. *Hillman,* 105 Cal.App. 127 [287 P. 116].)

■ If appellant's testimony was believed he was entitled to the relief prayed, since a trust results in favor of A where B pays for property as a loan to A and title is taken in B's name. (*Viner* v. *Untrecht,* 26 Cal.2d 261 [158 P.2d 3] and cases cited at p. 269.)

■ However, the courts have frequently affirmed that there is a presumption that the holder of the legal title owns the full beneficial interest in the property and that the evidence to overcome this presumption and establish that the property is held in trust must be clear and convincing. (*Olson* v. *Olson,* 4 Cal.2d 434, 437-8 [49 P.2d 827]; *G. R. Holcomb Estate Co.* v. *Burke,* 4 Cal.2d 289, 299 [48 P.2d 669]; *Woodside* v. *Hewel,* 109 Cal. 481, 484 [42 P. 152]; *Lane*

v. *Whitaker,* 50 Cal.App.2d 327, 330 [123 P.2d 53]; *Turman* v. *Ellison,* 37 Cal.App. 204 [174 P. 396].) ██ The trial court is not bound to accept testimony even when unimpeached, against a presumption or contrary reasonable inference from the other facts in evidence (*Huth* v. *Katz,* 30 Cal.2d 605, 608 [184 P.2d 521]) and where as here the only direct evidence of a resulting trust comes from the lips of one whom the court may decide is discredited it certainly cannot be said on appeal that the court was bound to believe him.

██ Appellant relies on one piece of documentary evidence as convincing corroboration of his testimony. In McMullen's own handwriting he set up a ledger account covering the property in litigation. Among the entries were four separate entries of $100 each charged to Karl Rench and a later entry showing the repayment of this $400 by Rench to McMullen. These items were totaled with other expenditures on the property and it is insisted that they are only consistent with appellant's theory that McMullen held the property in trust for him. However, no other expenditures, including the purchase price, were charged to Rench and the entries seem equally consistent with the theory that appellant was acting as agent for McMullen in the purchase of the property and the four advances of $100 each to Rench were entered as possible credits on the commission which might be later paid him. It was for the trial court to weigh this evidence and judge its effect.

██ The court found that no confidential relationship existed between appellant and McMullen. This finding is attacked but it is not necessary to support the judgment. Given a relation of trust and confidence it could not be inferred from that relation that McMullen had made the payments for the property as a loan to appellant. That fact must still be independently proved to establish a resulting trust for appellant. The trial court's finding on that issue disposes of the case.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied January 14, 1948, and appellant's petition for a hearing by the Supreme Court was denied February 9, 1948.