[No. A020212. First Dist., Div. Four. Oct. 25, 1985.]

BUFORD L. TONEY, Plaintiff and Respondent, v.
SHERRILL J. NOLDER, Defendant and Appellant.

COUNSEL

L. Wallace Graham and Myers, Praetzel, Garety, Bjorklund & Graham for Defendant and Appellant.

Gloria Mattioli for Plaintiff and Respondent.

OPINION

CHANNELL, J.—Sherrill J. Nolder (defendant) appeals from a judgment ordering dissolution of a partnership, an accounting, and distribution of the

proceeds between herself and Buford Toney (plaintiff). The sole question presented is whether the statutory presumption that the owner of the legal title to property is the owner of the full beneficial title (Evid. Code, § 662), may be overcome by less than clear and convincing evidence when the parties to the dispute were in a confidential relationship at the time of the transaction. As will appear, we have determined that there is no "confidential relationship" exception to the clear and convincing evidence requirement.

*Facts*

Plaintiff, an attorney, separated from his wife and in 1973 moved in with defendant. The parties lived together in defendant's apartment from 1973 to 1976 and continued to be romantically involved until 1980.

In a dissolution proceeding with his wife, plaintiff was ordered to pay child support for his eight children. In February 1976 he was in arrears in his payments and his wife obtained an assignment against his wages. In March 1976 plaintiff resigned his employment with the County of Marin and withdrew his retirement fund of approximately $12,000. He gave $10,000 of this fund to defendant to hold in a savings account in her name. Shortly thereafter defendant purchased a condominium located at 59 Marin Avenue in Sausalito. This property is the subject matter of the present litigation.

To fund the escrow on 59 Marin, defendant placed $8,000 of plaintiff's retirement money in her personal checking account and used it to cover her check for $13,866.81. Pursuant to side agreements with the seller and the real estate broker to take notes rather than full cash payments, defendant received back $10,000 after the escrow closed. Title to the property was taken in defendant's name.

In 1980 the parties terminated their relationship. Plaintiff demanded that defendant buy out his interest in 59 Marin or sell the property and share the proceeds equally with him. Defendant failed to comply and this action ensued.

At trial plaintiff argued that he and defendant had an oral agreement to purchase 59 Marin as equal partners. He testified that the parties agreed that title would be taken only in defendant's name so as to prevent his ex-wife from executing on the property and to protect defendant from becoming partners with her in case anything happened to him. Defendant, in turn, claimed that plaintiff merely loaned her the money to fund the escrow and that she had repaid him in full.

In the order announcing its tentative decision in plaintiff's favor, the court stated: "This is a difficult case to decide, but the Court believes that the *preponderance* of the evidence favors the plaintiff. [¶] It is certainly clear that plaintiff has not carried his burden of proof by clear and convincing evidence, and if clear and convincing evidence is the standard, the Court would rule for the Defendant. But the Court believes, for the reasons set forth in Plaintiff's brief, that the burden of proof here is by a preponderance of the evidence." (Italics in original.)

Defendant requested a statement of decision. Defendant also moved the court for reconsideration of the tentative decision on the grounds that pursuant to Evidence Code section 662, the plaintiff's burden of proving his interest in 59 Marin was by clear and convincing evidence.

The court denied the motion for reconsideration. In its statement of decision, the court found, by clear and convincing evidence, that a confidential and fiduciary relationship existed between plaintiff and defendant throughout their relationship; that because there was a confidential relationship between the parties plaintiff's burden of proof was by a preponderance of the evidence; and that "the evidence preponderates in Plaintiff's favor on his claim that the parties entered into an oral partnership" with respect to the purchase of 59 Marin. The court awarded plaintiff a one-half interest in the property less one-half of the negative cash flow paid on the property by defendant.

## Discussion

Evidence Code section 662, enacted in 1965, provides that "[t]he owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof." Commenting on section 662, the Law Revision Commission stated: "Section 662 codifies a common law presumption recognized in the California cases. The presumption may be overcome only by clear and convincing proof. [Citing *Olson* v. *Olson* (1935) 4 Cal.2d 434, 437 [49 P.2d 827]; *Rench* v. *McMullen* (1947) 82 Cal.App.2d 872 (187 P.2d 111).]" (Cal. Law Revision Com. com. to Evid. Code, § 662, 29b West's Ann. Evid. Code (1966) p. 720; Deering's Ann. Evid. Code (1966) p. 329.)

Relying on *Katz* v. *Enos* (1945) 68 Cal.App.2d 266 [156 P.2d 461], plaintiff argues that there is a common law exception to the clear and convincing evidence rule where a confidential relationship is shown to exist between the parties at the time of the execution of the deed.

In *Katz* the plaintiff alleged that while he was hospitalized with a severe illness his sister fraudulently induced him to sign a document which, un-

known to him, was a deed conveying his property to her. (*Id.*, at p. 269.) On appeal from a judgment in plaintiff's favor, defendant argued that the deed is presumed to convey absolute title and that to overcome the presumption, plaintiff's proof must be "'clear, satisfactory and convincing.'" (*Id.*, at p. 277.) The court stated: "In this connection it should be stated that the presumption and burden of proof rule contended for by [defendant] does not apply where a confidential relationship is shown to exist between the parties at the time of the execution of the deed. Here, the court found that such relationship did exist, and it would seem that the evidence is sufficient to support such finding. (*Steinberger* v. *Steinberger* (1943) 60 Cal.App.2d 116 [140 P.2d 31].) However, even assuming that such relationship did not exist, the evidence is legally sufficient to sustain the trial court's findings under the [clear and convincing evidence] rule contended for by [defendant]." (68 Cal.App.2d at pp. 277-278.)

*Steinberger*, on which *Katz* purports to rely, does not support the *Katz* dictum that there is a confidential relationship exception to the clear and convincing evidence rule, nor has any case since *Katz* recognized such an exception (cf. *Spaulding* v. *Jones* (1953) 117 Cal.App.2d 541, 552 [256 P.2d 637] [distinguishing *Katz*]).

In *Steinberger* the confidential relationship exception referred to is an exception not to the clear and convincing evidence rule, but to the "so-called American rule . . . that the repudiation of an oral promise to reconvey does not give rise to a constructive trust. The theory [of the rule] is that equity must respect and enforce the statute of frauds, and that to enforce a constructive trust is a violation of the spirit, if not the letter, of the statute." (60 Cal.App.2d at p. 119; see 7 Witkin, Summary of Cal. Law (1974) Trusts, § 138, p. 5495.) Those jurisdictions which follow the majority American rule, the *Steinberger* court stated, nevertheless uniformly recognize an exception when "'the owner of an interest in lands transfers it *inter vivos* to another upon an oral trust in favor of the transferor or upon an oral agreement to reconvey the land to the transferor, and the trust or agreement is unenforceable because of the Statute of Frauds, and the transferee refuses to perform the trust or agreement, . . . *if* . . . [¶] (b) the transferee at the time of the transfer was in a *confidential relation* to the transferor, . . .'" (60 Cal.App.2d at p. 121, italics added; see Witkin, *supra.*) Once a confidential relationship is shown, however, the plaintiff still has the burden to prove that the "deed was not what it purported on its face to be" (*Taylor* v. *Bunnell* (1931) 211 Cal. 601, 606 [296 P. 288]), and the standard of proof is that "the evidence must be clear, satisfactory and convincing" (*ibid.*). (See also *Kingsley* v. *Carroll* (1951) 106 Cal.App.2d 358, 362-363 [234 P.2d 1039].)

California, the court in *Steinberger* observed, apparently followed not the so-called majority American view, but rather "the English and the so-called minority American view." (60 Cal.App.2d at p. 119.) The theory of this view is that "'[t]he statute of frauds is never permitted to become a shield for fraud, and fraud at once arises upon the repudiation by the trustee of any trust, even if that trust rests in parol. When it rests in parol, either parol evidence must be received to establish trust, or the faithless trustee will always prevail.'" (*Ibid.*) Pursuant to the California view, proof of a confidential relationship between the parties is not a prerequisite to proof of an equitable interest in the property. (See *Martin* v. *Kehl* (1983) 145 Cal.App.3d 228, 236-239 [193 Cal.Rptr. 312] [discussing constructive and resulting trusts]; *Nelson* v. *Nevel* (1984) 154 Cal.App.3d 132, 139 [201 Cal.Rptr. 93] [same]; see also *Steinberger* v. *Steinberger, supra,* 60 Cal.App.2d at pp. 119-120, 121 and cases cited.) Moreover, irrespective of whether a confidential relationship is shown, to overcome the presumption of title the fact that the property is held in trust must be independently proved by clear and convincing evidence. (*Rench* v. *McMullen, supra,* 82 Cal.App.2d at p. 874.)

We conclude, therefore, that at common law neither the so-called majority American view nor the so-called minority American view recognized a "confidential relationship" exception to the rule that an oral trust in derogation of title may be shown only by clear and convincing evidence. A fortiori there is no such exception under the unambiguous language of Evidence Code section 662 that the "presumption [of title] may be rebutted only by clear and convincing proof."

■ Evidently as an alternative argument, plaintiff contends that because he and defendant were in a confidential relationship at the time defendant purchased 59 Marin, defendant assumed the status of a trustee (Civ. Code, § 2219), and the burden thus shifted to her to show fairness and good faith in her dealing with plaintiff's money (*id.,* at § 2235). This argument assumes the fact in issue in this case. After the showing of the confidential relationship, the burden was still upon plaintiff to prove by clear and convincing evidence either that he entrusted the management and control of his funds to defendant (see *Vai* v. *Bank of America* (1961) 56 Cal.2d 329, 338 [15 Cal.Rptr. 71, 364 P.2d 247]), or that the parties had an oral partnership agreement for the purchase of the property (see, e.g., *Davis* v. *Kahn* (1970) 7 Cal.App.3d 868, 877 [86 Cal.Rptr. 872]; *Lasry* v. *Lederman* (1957) 147 Cal.App.2d 480, 487-488 [305 P.2d 663]). (See *Taylor* v. *Bunnell, supra,* 211 Cal. at p. 606; see generally, 7 Witkin, Summary of Cal. Law, *supra,* §§ 126-132, 134, pp. 5484-5489, 5490-5491.)

The trial court found that plaintiff's proof on these issues did not meet the clear and convincing evidence standard. This determination is not sub-

ject to review (see *Taylor* v. *Bunnell, supra; Viner* v. *Untrecht* (1945) 26 Cal.2d 261, 267 [158 P.2d 3]; *Adams* v. *Young* (1967) 255 Cal.App.2d 145, 155 [62 Cal.Rptr. 877]) and disposes of the case.

The judgment is reversed.

Anderson, P. J., and Sabraw, J., concurred.

A petition for a rehearing was denied November 21, 1985, and respondent's petition for review by the Supreme Court was denied January 23, 1986. Panelli, J., did not participate therein.