[No. G001995. Fourth Dist., Div. Three. Dec. 22, 1986.]

ELAINE TANNEHILL, Plaintiff and Respondent, v.
SAM N. FINCH, SR., Defendant and Appellant.

SAM N. FINCH, SR., Plaintiff and Appellant, v.
ELAINE TANNEHILL, Defendant and Respondent.

**COUNSEL**

Marvin T. Sawyer for Defendant and Appellant and Plaintiff and Appellant.

Scott, Persinger, Muehl & Kebre and R. E. Scott for Plaintiff and Respondent and Defendant and Respondent.

**OPINION**

**WALLIN, J.**—What is the appropriate burden of proof instruction in an action based on *Marvin* v. *Marvin* (1976) 18 Cal.3d 660 [134 Cal.Rptr. 815, 557 P.2d 106] in which plaintiff is seeking to establish a one-half interest in property held in the name of the defendant?

I

Elaine Tannehill and Sam Finch met while they were living at a trailer park in Newport Beach. Finch, a construction worker by trade, was

currently unemployed and acting as handyman around the trailer park. Prior to meeting Tannehill, Finch's construction jobs often took him to Texas, Arizona and Oregon. During those times, Finch lived in either mobilehomes or trailers which he owned.

Finch moved in with Tannehill in 1975 and the couple lived together until 1981. During that six-year period, Finch acquired substantial property, both real and personal, alleged by Tannehill to be worth in excess of $175,000. The property included unimproved real property in Arizona and a number of mobilehomes and mobilehome rentals in California and in Arizona. Title to the property was taken in Finch's name alone.

Shortly after Finch moved out, Tannehill filed a complaint for breach of contract relying on the doctrine set forth in *Marvin* v. *Marvin, supra,* 18 Cal.3d 660.[1] She alleged that she and Finch agreed to "live together as a family unit, combine their efforts, pool their earnings, share expenses, and share equally in any and all property acquired or accumulated . . . during the course of the agreement." Tannehill sought damages in the amount of one-half of the property acquired during the time the parties lived together.

Tannehill testified at trial she agreed to supply her business expertise and Finch agreed to supply the financial backing for the property they would later acquire. Tannehill performed all of the general secretarial and book-keeping functions in connection with the property, including collecting rent payments and signing D.M.V. renewals, checks and other documents for Finch. Although Tannehill and Finch maintained separate bank accounts, they had several joint credit cards on which Tannehill made some payments. Finch had also previously taken out an insurance policy for a burial plan for the two of them.

Finch denied ever entering into a "pooling" agreement with Tannehill. He testified he did not rely on her business expertise in the purchase of the mobilehomes; that he owned several mobilehomes prior to living with her; that all of the property was purchased with his funds and in his name; and that he never promised Tannehill one-half of everything he owned. He did, however, admit that she performed various secretarial and bookkeeping tasks for him as well as certain "homemaking" functions described by Finch and his attorney as "women's work."

At Tannehill's request, the jury was instructed that she had "the burden of establishing by a preponderance of the evidence all of the facts necessary

---

[1] Finch filed a complaint against Tannehill for fraud, wrongful use of credit, injunctive relief and accounting; that complaint was consolidated with Tannehill's at trial.

to prove . . . that a contract existed." The jury returned with a special verdict in favor of Tannehill, finding she was entitled to one-half of the property pursuant to an implied agreement between the parties. The court declared the parties tenants in common and ordered the property sold to accomplish a division. Finch contends, and we agree, the judgment must be reversed because the jury was erroneously instructed on burden of proof.

## II

■ The burden of proof in civil actions generally requires proof by a preponderance of the evidence. (Evid. Code, § 115.)[2] However, an exception exists where title to property is involved: "The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof." (§ 662.)[3]
■ The question then is whether a *Marvin* action, although contractual in nature, falls within the provisions of section 662 and thus requires plaintiffs to prove their claims by clear and convincing evidence.

In *Toney* v. *Nolder* (1985) 173 Cal.App.3d 791 [219 Cal.Rptr. 497], plaintiff separated from his wife and moved in with the defendant. When wife later obtained an assignment on plaintiff's wages to satisfy support arrearages, plaintiff quit his job and withdrew his retirement fund. In an apparent attempt to prevent wife from executing on the retirement money, plaintiff gave most of it to defendant to hold in a savings account in her name. Defendant later purchased a condominium, using plaintiff's money to open escrow; title to the property was taken in her name alone.

When the parties later terminated their relationship, plaintiff filed an action to prove he and the defendant had an oral agreement to purchase the condominium as equal partners. In its tentative decision, the trial court stated plaintiff had proved the agreement by a preponderance of the evidence. Defendant moved for reconsideration contending that pursuant to section 662, plaintiff was required to establish his claim by clear and convincing evidence. The court denied the motion for reconsideration and awarded plaintiff a one-half interest in the condominium.

The Court of Appeal rejected plaintiff's argument that an exception to the clear and convincing standard of proof exists where a confidential relationship is present: "[t]here is no such exception under the unambiguous lan-

---

[2]All statutory references are to the Evidence Code.

[3]Although Finch did not object to the giving of the preponderance instruction or propose the correct one, his failure to do so does not preclude him from raising the issue on appeal. (*Enis* v. *Specialty Auto Sales* (1978) 83 Cal.App.3d 928, 939-940 [148 Cal.Rptr. 255].)

guage of Evidence Code section 662 that the 'presumption [of title] may be rebutted only by clear and convincing proof.' " (*Id.,* at p. 796.) Thus, "the burden was . . . upon plaintiff to prove by clear and convincing evidence . . . that the parties had an oral partnership agreement for the purchase of the property." (*Ibid.*)

There is no significant difference between *Toney* and the case now before us: Plaintiff in *Toney* sought to establish a 50 percent interest in the property pursuant to an oral partnership agreement; Tannehill sought to establish a 50 percent interest in the property based on an implied *Marvin* agreement. In both actions, plaintiffs sought to establish a contractual agreement which, if proven, would rebut the presumption that the defendants, as owners of legal title, were also the full beneficial owners.

We, therefore, conclude Tannehill was required to establish her claim by clear and convincing evidence. Because the evidence presented was so evenly balanced, we cannot say the jury would have reached the same result given a greater burden of proof instruction. ■ The clear and convincing standard requires that the evidence be so clear as to leave no substantial doubt in the mind of the trier of fact; it must be " ' "sufficiently strong to command the unhesitating assent of every reasonable mind." ' [Citation.]" (*Lillian F.* v. *Superior Court* (1984) 160 Cal.App.3d 314, 320 [206 Cal.Rptr. 603].) A preponderance of the evidence standard, on the other hand, merely requires that the existence of a fact be more probable than not. (*Ibid.*) Finch was entitled to the protection of the higher burden of proof instruction required by section 662.

That portion of the judgment ordering the sale of real and personal property governed by section 662 is reversed; the judgment is affirmed as to the remaining property not covered by section 662, e.g., the furniture and furnishings. The cause is remanded for retrial in accordance with the views expressed herein.

Crosby, Acting P. J., concurred.

**SONENSHINE, J.**—I respectfully dissent.

Tannehill sought to have the jury find she and Finch had a pooling agreement. Finch admitted living with her but denied any such agreement. He maintained the accumulated assets were his: she had been amply compensated for any of her efforts. Thus the jury had to choose one version over

the other. It did! It believed Tannehill. And the record, no matter what the applicable burden of proof, supports that conclusion.[1]

I would affirm the judgment.

The petition of respondent Tannehill for review by the Supreme Court was denied March 11, 1987.

---

[1]The evidence included but was not limited to the following: She did the recordkeeping on the properties and all of the secretarial work. She interfaced with the tenants, collected the rents and helped with the problems. She testified she advised him concerning the purchasing of the real property and she helped effectuate the sales.