985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas W. BERTHOLD, Defendant-Appellant.
 No. 92-55765.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1993.
Decided Jan. 28, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV 92-3140-HLH (CR 89-0862-HLH), Harry Hupp, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before JAMES R. BROWNING, POOLE and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant appeals the district court's denial of relief under 28 U.S.C. § 2255 from his conviction for concealing assets and withholding documents from a bankruptcy trustee pursuant to 18 U.S.C. § 152. Appellant contends that the trial court improperly based his sentence upon intended rather than actual loss, that the evidence was insufficient to support the conviction, and that he was deprived of effective assistance of counsel at trial. We affirm.
 
 FACTS and PROCEEDINGS
 
 3
 Berthold, the petitioner, was the principal of Taylor Bus, Inc. which filed for Bankruptcy under Chapter 11. The bankruptcy court appointed a trustee over the objections of Berthold. He subsequently sold a piece of property to which he held record title but for which Taylor Bus paid all expenses. He refused to turn the proceeds of the sale over to the trustee or reveal their location. Berthold was indicted for concealing assets of a bankruptcy estate and withholding documents from a trustee as well as on several counts of criminal contempt arising from his violent display of temper to the trustee's staff in violation of a bankruptcy court order.
 
 
 4
 When Berthold's counsel withdrew the day trial was scheduled to commence, Berthold rejected all offers by, and suggestions of, the court and the prosecution for a continuance so that he might hire new counsel or better prepare the case himself. He elected to proceed to trial that day. The court continued the trial for one week at the close of the government's case but refused a further continuance when the defendant returned without making substantial effort to prepare his case.
 
 
 5
 The court found the defendant guilty on all charges except two of the criminal contempt counts. Through trial and sentencing Berthold continued to refuse to disclose in open court the location of the untraced proceeds of the sale. The court accepted the recommendation contained in the presentence report that defendant's base offense level be increased by 9 due to the amount of money involved in the fraud ($1.7 million). Berthold was sentenced to 24 months on the charges of concealing assets and withholding documents and thirty days on each contempt charge to be served consecutively.
 
 
 6
 On direct appeal Berthold, now represented by counsel, argued that the court had erred in not holding a competency hearing sua sponte, had abused its discretion in finding that Berthold had knowingly and voluntarily waived counsel, and had abused its discretion in not continuing the case during trial. This court affirmed the defendant's conviction and denied all subsequent motions. Berthold filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion on the grounds that all the claims contained in the motion were concluded by the judgment of conviction and affirmance on direct appeal.
 
 DISCUSSION
 Dismissal of Appeal
 
 7
 The government argues that this appeal should be dismissed because all of the issues raised by Berthold in his § 2255 motion were or should have been raised on direct appeal. On direct appeal this court affirmed the district court's finding that the defendant waived his right to counsel. Berthold's claim that he was denied effective assistance of trial counsel re-examines the same issues. The sufficiency of the evidence and sentencing issues should have been raised on direct appeal. See Clark v. Ricketts, 958 F.2d 851, 855-56 (9th Cir.1991), cert. denied, 113 S.Ct. 117 (1992); Brule v. United States, 240 F.2d 589 (9th Cir.), cert. denied, 354 U.S. 912 (1957). Failure to do so is a form of procedural default which generally precludes further review under § 2255. Egger v. United States, 509 F.2d 745, 748 (9th Cir.), cert. denied, 423 U.S. 842 (1975); Evans v. Mitchell, 458 F.2d 993 (9th Cir.1972). All of Berthold's claims were or should have been raised on direct appeal.
 
 
 8
 In order to escape the binding effect of his earlier procedural default and the affirmance on direct appeal, Berthold characterizes his arguments as founded in the Constitution and claims ineffective assistance of appellate counsel. Neither of these attempts succeeds in avoiding the default and affirmance. Berthold's argument that the district court improperly enhanced his sentence under U.S.S.G. § 2F1.1 rests only on a legal interpretation of the guideline. The petitioner does not claim that the sentence is cruel and unusual or based on an arbitrary distinction. His claim is not constitutionally based. Cf. Chapman v. United States, 111 S.Ct. 1919, 1927 (1991).
 
 
 9
 The Ninth Circuit has held that sufficiency of the evidence claims should not be considered under § 2255 unless the charges were "totally devoid of evidentiary support." Myers v. Rhay, 577 F.2d 504, 511 (9th Cir.), cert. denied, 439 U.S. 968 (1978); Rivera v. United States, 318 F.2d 606, 607 (9th Cir.1963). The charges of which Berthold was convicted were not devoid of support.
 
 
 10
 While ineffective assistance of counsel claims are generally appropriate for § 2255 review, Berthold's claim as to his trial is nothing more than a review of this court's previous holding that he knowingly and voluntarily waived his right to counsel. The court has the discretion to refuse to consider even a constitutional claim under § 2255 where previous review of the issue renders it an abuse of the writ. Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992). We refuse to reconsider this issue now.
 
 
 11
 Berthold offers ineffective assistance of appellate counsel as the cause for his procedural default in order to avoid dismissal of the appeal. To prove ineffective assistance of counsel the petitioner must show that he was prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance standard, the error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Berthold, in claiming deficient performance, lists objectionable conduct by his appellate counsel, including conflict of interest and abandonment. There is no record to support these accusations. Furthermore, petitioner makes no allegation as to how he was prejudiced by this alleged conduct.
 
 
 12
 Berthold is left only with his counsel's failure to raise the sentencing and sufficiency of the evidence issues on direct appeal. As discussed below, appellate counsel would not have succeeded had he raised these issues. Berthold thus does not "sustain his burden of proving ineffective assistance of counsel." Morrison v. Estelle, --- F.2d ----, No. 92-15041 (9th Cir. Dec. 3, 1992).
 
 Sentence Enhancement
 
 13
 Berthold argues that the sentence enhancement for amount involved in the fraud was improper because the creditors actually suffered no loss from his concealment of assets. The commentary following U.S.S.G. § 2F1.1, which requires enhancement for any loss above $2,000, states that intended loss should be used to calculate the offense level if greater than actual loss. U.S.S.G. § 2F1.1 app. note 7. This court has recently reaffirmed that intended loss should control. United States v. Galliano, 977 F.2d 1350, 1352-53 (9th Cir.1992). Using intended loss is particularly appropriate in cases such as this where the harm is limited due at least in part to the talents and efforts of a third party (i.e., the trustee).
 
 
 14
 Berthold claims that the trial court did not find that he actually intended the loss to fall upon creditors. The court found defendant guilty of "knowingly and fraudulently" concealing assets, see 18 U.S.C. § 152, a finding which includes a finding of intent. Furthermore, the court noted that while Berthold proclaimed an intent to pay former employees and creditors with the money, he offered no factual information to substantiate that intent. The district court correctly interpreted and applied U.S.S.G. § 2F1.1.
 
 Sufficiency of the Evidence
 
 15
 The standard for testing the sufficiency of the evidence is, considering the evidence in the light most favorable to the government, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The standard is satisfied in this case.
 
 
 16
 Berthold claims that he could not be convicted of concealing assets of a bankruptcy estate because the property he sold did not belong to the estate. The legal and equitable interests of a debtor which qualify property as part of a bankruptcy estate are defined by state law. Wilson v. Bill Barry Enters., 822 F.2d 859, 861 (9th Cir.1987). It is not disputed that Berthold held record title to the property. Record title raises only a presumption of full beneficial ownership. It is a presumption which may be rebutted by clear and convincing evidence. See Cal.Evid.Code § 662; Tannehill v. Finch, 188 Cal.App.3d 224, 227, 232 Cal.Rptr. 749, 750 (1986).
 
 
 17
 The facts sufficiently overcame the presumption of Berthold's ownership arising from the record title. Taylor Bus made the downpayment on the property, made all the mortgage and tax payments, enjoyed all of the depreciation deductions, and listed the property as an asset in its records while Berthold did not include it as an asset on his tax returns or other personal records.
 
 
 18
 Berthold asks the court to consider "new evidence" along with these facts to find that the property was not an asset of the estate. The "new evidence" consists of a lease signed between Taylor Bus and Berthold and documents evidencing renegotiation of the mortgage on the property by Berthold. This evidence, necessarily in existence at the time of trial, was within the petitioner's knowledge and presumably his control. It can hardly be considered "new". See United States v. Diggs, 649 F.2d 731, 739-40 (9th Cir.), cert. denied, 454 U.S. 970 (1981). Without deciding whether new evidence is generally cognizable under § 2255, the district court was correct in not considering the lease and loan negotiation documents.
 
 
 19
 Berthold further claims that the evidence does not support a finding that he "knowingly and fraudulently" concealed assets. Fraudulent intent generally can be inferred from the defendant's statements and conduct. See United States v. Clevenger, 733 F.2d 1356, 1358 (9th Cir.1984). The facts are sufficient to permit an inference of intent on Berthold's part to conceal assets rightfully belonging to the estate. Only a portion of the proceeds went into accounts which were known to the trustee. Berthold did not make the trustee and the court aware of the sale of the property until after it occurred and continued to refuse to disclose the location of the remaining proceeds. He admitted during argument in the district court that Taylor Bus owned the property he sold. His purportedly benevolent reason for not disclosing the assets does not negate the fraudulent intent. See United States v. Weinstein, 834 F.2d 1454, 1462 (9th Cir.1987).
 
 CONCLUSION
 
 20
 As this review of the evidence indicates, Berthold's appellate counsel would not have succeeded had he raised any of these issues on direct appeal. Any other issues raised by petitioner are also without merit. The petitioner does not satisfy the cause and prejudice standard which would excuse his procedural default. See United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). The above discussion also reveals the lack of merit in this appeal. The district court was correct in denying the petitioner's § 2255 motion.
 
 
 21
 The district court is affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3