CHIN, J.,
Concurring.—I agree with the majority opinion, which I have signed. I write separately to discuss a threshold question that has been the primary focus of the briefs of the parties and amici curiae: What role, if any, does a common law rule codified in Evidence Code section 662 (section 662) have in determining, in an action between the spouses, whether property acquired during a marriage is community or separate?
Family Code section 760 provides: “Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property.” Family Code section 802 refers to the “presumption that property acquired during marriage is community property.” In combination, these statutes provide a presumption that property acquired during the marriage is community property. (In re Marriage of Benson (2005) 36 Cal.4th 1096, 1103 [32 Cal.Rptr.3d 471, 116 P.3d 1152].) (I will sometimes refer to this presumption as the section 760 presumption.) It appears this presumption can be overcome by a preponderance of the evidence. (In re Marriage of Ettefagh (2007) 150 Cal.App.4th 1578 [59 Cal.Rptr.3d 419].)
Although the section 760 presumption is rebuttable, not just any evidence can overcome the presumption, but only evidence showing that another statute makes the property something other than community property. “By its own terms, the definition of community property in section 760 applies ‘[ejxcept as otherwise provided by statute.’ It therefore exempts property defined as separate under other provisions. (E.g., [Earn. Code,] §§ 770 [property acquired by gift or inheritance], 771 [earnings and accumulations while living separate and apart].)” (In re Marriage of Benson, supra, 36 Cal.4th at p. 1103.) Thus, the general rule is that property acquired during marriage is community unless the preponderance of the evidence establishes that a specifically enumerated statutory exemption applies to make it something else.
*1408 As applied here, this presumption means that the life insurance policy is presumed to be community property, but that the wife (wife) can overcome that presumption if she can show, by a preponderance of the evidence, that some other statutory provision makes it her separate property. There is, or should be, nothing particularly complex or difficult about this rule.
But wife, in arguing that the policy is her separate property, and the Court of Appeal, in so concluding, rely heavily on a different presumption found in the Evidence Code. Section 662 provides: “The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof.” Because legal title in the policy was in wife’s name, wife argues, and the Court of Appeal found, the policy is presumed to be her separate property, a presumption rebuttable only by clear and convincing evidence.
Obviously, both presumptions cannot be given effect. The fife insurance policy cannot both be presumed to be community property (because acquired during the marriage) and to be wife’s separate property (because placed in her name). One statutory presumption must yield to the other.
In my view, as in the view of all amici curiae to appear in this case—law professors and attorneys specializing in the field—the Family Code section 760 presumption controls in characterizing property acquired during the marriage in an action between the spouses. Evidence Code section 662 plays no role in such an action. The detailed community property statutes found in the Family Code, including section 760, are self-contained and are not affected by a statute found in the Evidence Code. I explain why.
California is, and always has been, a community property state. “The community property system originated in continental Europe, came to Mexico from Spain, and became California law through the treaty of 1848.” (11 Witkin, Summary of Cal. Law (10th ed. 2005) Community Property, § 1, p. 529.) “From the inception of its statehood, California has retained the community property law that predated its admission to the Union and consistently has provided as a general rule that property acquired by spouses during marriage, including earnings, is community property.” (In re Marriage of Bonds (2000) 24 Cal.4th 1, 12 [99 Cal.Rptr.2d 252, 5 P.3d 815].) “The general theory is that the husband and wife form a sort of partnership, and that property acquired during the marriage by the labor or skill of either belongs to both.” (11 Witkin, Summary of Cal. Law, supra, Community Property, § 1, p. 529.)
The presumption, now codified in the Family Code, that property acquired during the marriage is community, is perhaps the most fundamental principle *1409 of California’s community property law. “ ‘This presumption is fundamental in the community property system and is an integral part of the community property law not only of this state but of other states and countries where the system is in operation.’ ” (11 Witkin, Summary of Cal. Law, supra, Community Property, § 15, p. 542, quoting Wilson v. Wilson (1946) 76 Cal.App.2d 119, 126 [172 P.2d 568].)
Section 662 may not nullify this fundamental presumption whenever, as is often the case, the contested property is in the name of one of the spouses. I agree with the amici curiae that, as the brief of the Northern California chapter of the American Academy of Matrimonial Lawyers and the Association of Certified Family Law Specialists puts it, “section 662 has no place in the characterization of property in actions between spouses.” As that brief further states, applying section 662 to disputes between spouses “would subvert basic tenets of California family law.”
This is not a recent concept. Nine years after California became a state, this court, in an opinion authored by Justice Field, rejected the argument that common law rules regarding title apply to the characterization of property acquired during the marriage. (Meyer v. Kinzer and Wife (1859) 12 Cal. 247 (Meyer).) In Meyer, the husband and wife sold certain property acquired during the marriage and received in return a note and mortgage on the property that was in both the husband’s and wife’s names. Later the husband, without the wife joining, assigned the note and mortgage to another party. The wife claimed that, because the mortgage was in her name as well as her husband’s, one-half of the note and mortgage was her separate property. This court disagreed.
In concluding that the mortgage was community property, this court cited statutory provisions including, as relevant here, a provision substantially similar to section 760: “ ‘[A]ll property acquired after marriage, by either husband or wife, except such as may be acquired by gift, bequest, devise or descent, shall be common property ....’” (Meyer, supra, 12 Cal. at p. 251.) The court explained that these provisions “are borrowed from the Spanish law, and there is hardly any analogy between them and the doctrines of the common law in respect to the rights of property consequent upon marriage. The statute proceeds upon the theory that the marriage, in respect to property acquired during its existence, is a community of which each spouse is a member .... To the community all acquisitions by either, whether made jointly or separately, belong. No form of transfer or mere intent of parties can overcome this positive rule of law.” (Ibid., italics added.)
Absent proof that the purchase was made with separate funds of either spouse, the Meyer court explained, the presumption that property acquired *1410 after marriage is community property “was absolute and conclusive, and it made no difference whether the conveyance was taken in the name of one or the other, or in the names of both.” (Meyer, supra, 12 Cal. at p. 252.) The court quoted with approval an opinion from Louisiana, another community property state, that involved, as does this case, property purchased during the marriage but placed in the wife’s name: “ ‘All property acquired by either spouse during the existence of the community, the law presumes to belong to it.... If the wife sets up a separate claim, she must make legal proof of it. The title being in her name does not raise even a presumption in her favor.’ ” (Id. at p. 253, italics added by Meyer.) The opinion additionally explained that “common law authorities are entirely inapplicable under our system. The statute prescribes the effect of the acquisition of property by either spouse, and its operation cannot be defeated or evaded by the form of the conveyance, or the intention of the husband, in taking it in the name of his wife. In every form the community character of the property continues.” (Id. at p. 255, italics added.)
As relevant here, these principles still generally apply. The statutes governing California’s community property law are found in the Family Code; a statute outside of the community property law, such as Evidence Code section 662, cannot nullify those statutes. This circumstance was recognized when section 662 was enacted. (Stats. 1965, ch. 299, § 2, p. 1297.) The Law Revision Commission comment to that section states that it “codifies a common law presumption recognized in the California cases.” (Cal. Law Revision Com. com., 29B pt. 2 West’s Ann. Evid. Code (1995 ed.) foil. § 662, p. 210.) But California’s community property law has no common law roots. It derives from the European continent, not England. In its comment, the Law Revision Commission cited Olson v. Olson (1935) 4 Cal.2d 434 [49 P.2d 827], (See People v. Semaan (2007) 42 Cal.4th 79, 88 [64 Cal.Rptr.3d 1, 163 P.3d 949] [recognizing “that § 662 codifies the rule of Olson v. Olson”].) But that case indicates the common law presumption does not apply in the marital context: “The deed of gift, a written instrument, signed and acknowledged by appellant, and unimpaired by any presumption of undue influence arising out of a marital relation between the parties [(the parties were not married at the critical time)], was entitled to the full credit given to it by the trial court . . . .” (Olson v. Olson, at p. 438, italics added.) Neither the common law rule nor section 662, which codified that rule, ever applied to characterizing property acquired during marriage in actions between the spouses.
Section 662’s purpose is to promote the public policy in favor of “the stability of titles to property.” (Evid. Code, § 605; see In re Marriage of Haines (1995) 33 Cal.App.4th 277, 294 [39 Cal.Rptr.2d 673] (Haines).) That policy is largely irrelevant to characterizing property acquired during the marriage in an action between the spouses. Haines is instructive. The Haines *1411 court held that section 662 “must yield to” another presumption within California’s community property law—“the presumption arising from the requirement that a husband and wife occupy a confidential relationship in their transactions with each other.” (Haines, at p. 283; see Fam. Code, § 721.)
Haines explained that section 662’s “presumption is based on promoting the public ‘policy ... in favor of the stability of titles to property.’ (See [Evid. Code,] § 605.) ‘Allegations . . . that legal title does not represent beneficial ownership have . . . been historically disfavored because society and the courts have a reluctance to tamper with duly executed instruments and documents of legal title.’ [Citation.] [(fl] Section 662 is concerned primarily with the stability of titles, which obviously is an important legal concept that protects parties to a real property transaction, as well as creditors. Here, however, our focus is on characterization of marital property as effected by a transmutation by quitclaim deed. The issue is how property should be divided between spouses upon dissolution. This case does not involve third parties nor does it place at risk the rights of a creditor. . . . Thus, concerns of stability of title are lessened in characterization problems arising from transmutations that do not involve third parties or the rights of creditors.” (Haines, supra, 33 Cal.App.4th at pp. 294—295, fn. omitted.)
The presumption of undue influence exists to protect married persons. (Haines, supra, 33 Cal.App.4th at p. 301.) “[Application of section 662 in such situations can significantly weaken protections the Legislature intended to provide for spouses who are taken advantage of in interspousal transactions. This cannot be in keeping with the intent of the Legislature . . . . Application of section 662 would ... in effect . . . abrogate the protections afforded to married persons under” what is now Family Code section 721, subdivision (b). (Haines, at p. 301, citations omitted.) Accordingly, the Haines court “conclude[d] that application of section 662 is improper when it is in conflict with the presumption of undue influence .... Any other result would abrogate the protections afforded to married persons and denigrate the public policy of the state that seeks to promote and protect the vital institution of marriage.” (Id. at p. 302; see In re Marriage of Fossum (2011) 192 Cal.App.4th 336, 344-345 [121 Cal.Rptr.3d 195] [following Haines]; In re Marriage of Delaney (2003) 111 Cal.App.4th 991, 997 [4 Cal.Rptr.3d 378] [following Haines].)
What Haines said about the presumption regarding undue influence applies just as much, if not more so, to the more fundamental presumption that property acquired during the marriage is community. Section 662 may not abrogate the more fundamental presumption just as it may not abrogate the less fundamental presumption. Much property acquired during marriage is in the name of one of the spouses, such as salaries, stock options, retirement *1412 benefits, and the like. Applying section 662 to all such property—and concluding that it is separate property unless shown to be otherwise by clear and convincing evidence—would largely nullify the presumption that property acquired during marriage is community.
In concluding that section 662 applies, the Court of Appeal relied heavily on two cases: In re Marriage of Lucas (1980) 27 Cal.3d 808 [166 Cal.Rptr. 853, 614 P.2d 285] (Lucas) and In re Marriage of Brooks & Robinson (2008) 169 Cal.App.4th 176 [86 Cal.Rptr.3d 624] (Brooks). Neither case supports the conclusion.
In Lucas, this court was concerned primarily with deciding “the proper method of determining separate and community property interests in a single family dwelling acquired during the marriage with both separate property and community property funds.” (Lucas, supra, 27 Cal.3d at p. 811.) Most of the opinion concerns the characterization of a house in which title was in the form of joint tenancy. Although it discusses presumptions at length, Lucas never cites section 662 even though that section had been enacted long before the opinion. Rather, it discusses two statutory presumptions, both of which used to be found in Civil Code former section 5110 and are now found in two separate sections of the Family Code. (Fam. Code, §§ 760, 2581.) One is the familiar presumption that property acquired during marriage is community property. (Id., § 760.) The other is a presumption, found in a statute within the community property law and fully consistent with the general presumption, that specifically governs real property designated as a joint tenancy. (Lucas, at p. 814.) As quoted in Lucas, that statute provided: “ ‘When a single-family residence of a husband and wife is acquired by them during marriage as joint tenants, for the purpose of the division of such property upon dissolution of marriage or legal separation only, the presumption is that such single-family residence is the community property of the husband and wife.’ ” (Id. at fn. 2, quoting Civ. Code, former § 5110 [see now Fam. Code, § 2581].) Both of these presumptions favor a finding of community property, and thus they are compatible.
Significantly, the statutory presumption regarding property in the form of joint tenancy applies “[f]or the purpose of division of property on dissolution of marriage.” (Fam. Code, §2581; see Civ. Code, former §5110.) This language suggests that rules that apply to an action between the spouses to characterize property acquired during the marriage do not necessarily apply to a dispute between a spouse and a third party.
Thus, the form of title presumption the Lucas court discussed is a specific statutory presumption found within California’s community property law, not the more general presumption found in section 662. That this is so is made *1413 clear later in the opinion when the court stated that certain “evidence and findings are insufficient to rebut the presumption arising from title set forth in Civil Code section 5110 [(i.e., current Fam. Code, § 2581)].” (Lucas, supra, 27 Cal.3d at p. 815, italics added.) Lucas does not address section 662’s role in an action between the spouses.
Brooks also did not present this question. At the appellate level, the dispute in Brooks, supra, 169 Cal.App.4th 176, did not involve an action between the spouses. Rather, on appeal, the sole dispute was between a third party, to whom the wife had sold certain real property, and the husband, who claimed an interest in the property and sought to set aside the sale. The wife did not even appear in the appeal. The Court of Appeal used section 662 to help resolve the dispute in favor of the third party, whom the trial court found to be a bona fide purchaser who had purchased the property without knowing of any community property claim the husband might have had. The Court of Appeal noted that the trial “court did not expressly determine whether the Property was a community property asset.” (Brooks, at pp. 182-183.) Rather, the trial court had merely held that the third party was a bona fide purchaser and, as such, “ ‘takes it[s] title free of any unknown community property claim [the husband] may have with respect to the Property.’ ” (Id. at p. 183.) The Court of Appeal agreed with this conclusion. It emphasized section 662’s purpose of promoting the stability of titles to property. (169 Cal.App.4th at p. 185.) Unlike in the case of an action between the spouses, this policy does play a role in a dispute between a spouse and an innocent third party purchaser.
The Brooks court stressed that the appeal “does not involve a division of the community estate between [husband and wife]. Whether [the wife] might be obligated to reimburse [the husband] for his contributions to the Property was not before the trial court and is not an issue on appeal.” (Brooks, supra, 169 Cal.App.4th at p. 188.) Accordingly, Brooks concerned the rights of a third party that purchased property in good faith not knowing of any possible community property claims. Brooks might have been correct to apply section 662 to an action between one of the spouses and a third party bona fide purchaser. That question is not implicated here, and I express no opinion on it. To the extent Brooks said anything suggesting section 662 would apply to an action between the spouses, it mistakenly relied on Lucas, supra, 27 Cal.3d 808, and is, accordingly, unpersuasive.
In short, the statutes in the Family Code governing community property, including the section 760 presumption, are sufficient unto themselves. Evidence Code section 662’s common law presumption does not nullify the community property statutes. All property acquired during the marriage is presumed to be community property. Evidence that certain property is in the *1414 name of one spouse might, depending on the circumstances, be relevant to help overcome the presumption if and only if it demonstrates that one of the statutory exemptions to the presumption applies. But that evidence does not itself reverse the presumption. Future courts resolving disputes over how to characterize property acquired during the marriage in an action between the spouses should apply the community property statutes found in the Family Code and not section 662.
Corrigan, J., and Liu, J., concurred.