[No. B155060. Second Dist., Div. Six. Sept. 23, 2002.]

In re the Marriage of HEINO and SANDRA LANGE.
HEINO LANGE, Respondent, v.
SANDRA LANGE, Appellant.

## COUNSEL

Schwartz & Mason, David P. Schwartz; Lascher & Lascher and Wendy C. Lascher for Appellant.

Orrock, Higson & Kurta and R. Dennis Orrock for Respondent.

## OPINION

**GILBERT, P. J.**—Husband and wife own a family residence in joint tenancy. Wife has husband execute a promissory note secured by a deed of trust for her separate property contributions to acquire and improve the residence. The note and deed of trust do not constitute her written waiver of reimbursement under Family Code section 2640, subdivision (b).[1] But they are unenforceable pursuant to section 721, which creates a fiduciary relationship

---

[1] All statutory references are to the Family Code.

between husband and wife. We affirm the trial court's order denying wife the remedy of judicial foreclosure.

## FACTS

Heino and Sandra Lange married on December 16, 1981.[2] During the marriage, Heino was employed by the Ventura County Department of Behavorial Health as a psychiatrist. Prior to marriage, Sandra was employed in the real estate business, selling, developing, and managing property. After marriage and the birth of their son, Sandra became a full-time homemaker.

The couple maintained a joint bank account from which they paid household expenses. Heino deposited his salary into the joint bank account. Sandra deposited rental income from her separately owned income properties into the joint bank account.

The couple lived in a home in Camarillo, title to which was held in joint tenancy. Sandra provided $63,500 of her separate property funds to acquire the Camarillo residence and paid $100,000 in her separate property funds to pay down the purchase money loan. Later, Sandra provided $75,000 and then $105,000 for improvements to the real property.

In 1989, Heino received approximately $120,000 in separate property funds from German relatives. He applied these funds to improve the residence.

During the marriage, the couple had "heated arguments" regarding their finances. In March 1989, Sandra presented Heino with a promissory note for $250,000 and a deed of trust upon their Camarillo residence to secure the obligation. Heino executed the note and deed of trust in Sandra's favor but made no payments thereunder.

In November 1999, Heino and Sandra each filed a petition to dissolve their marriage. On January 29, 2000, Sandra also brought a civil action for judicial foreclosure of the deed of trust that Heino executed 10 years earlier and for a deficiency judgment. The obligation under the promissory note, with 10 percent stated interest, now amounted to approximately $870,000.[3] The family law court consolidated the judicial foreclosure action with the dissolution proceedings.

---

[2] We use the parties' first names to ease the reader's task.

[3] At the inception of trial, Sandra's attorney informed the family law court that the amount "currently due under this note is almost $870,000, including interest."

At trial, Heino and Sandra rendered conflicting accounts of the purposes of and the circumstances surrounding execution of the promissory note and deed of trust.[4]

Heino testified that he signed the documents "to salvage the marriage and in order to continue to live with [his son]." He stated that he believed that he was surrendering $250,000 in equity in the Camarillo residence to assuage Sandra's concerns regarding the inheritance rights of his children from a prior marriage. Heino testified that he "had no idea" that he owed Sandra money and affirmed during questioning that the documents that she prepared for his signature "came out of the blue."

Sandra testified that she and Heino agreed that he would reimburse her for property acquisition and remodeling expenses to the family residence and for household expenses that she paid from her separate property funds. She claimed $343,000 in property expenses and $160,000 in family living expenses. Sandra explained that the $250,000 promissory note was a compromise figure that Heino stated was "very fair." She testified that she frequently demanded that Heino make quarterly payments under the note, but he stated that he had no funds. Sandra stated that she believed that Heino was responsible for supporting the family because she cared for their child and was a full-time homemaker.

The trial court decided that the promissory note and deed of trust were valid documents that Heino did not execute under duress. The court then ruled that sections 721 and 2640 preclude enforcement of the note and deed of trust because the documents provide Sandra a financial advantage and are therefore presumed "to have been obtained through undue influence."

Sandra appeals and contends that section 721 is no bar to her foreclosure action because she received no advantage from the promissory note and deed of trust, which were a substitute for her statutory reimbursement rights.

## DISCUSSION

■ Sandra argues as a matter of law that she received no advantage from the promissory note. She points out that she spent more than $250,000 to acquire, improve, and pay down the loan principal on the Camarillo residence. Sandra asserts that the promissory note and deed of trust that she prepared for Heino's signature were a waiver of and a substitute for her rights to reimbursement of $353,000 under section 2640 (separate property

---

[4]The trial judge commented: "One, if not both of [the parties], have committed perjury [and] lack[] credibility. . . ."

contributions to property acquisition).[5] She claims that estoppel prevents her from asserting statutory reimbursement rights because she accepted the executed documents.

Section 721, subdivision (b), provides: "[I]n transactions between themselves, a husband and wife are subject to the general rules governing fiduciary relationships which control the actions of persons occupying confidential relations with each other. This confidential relationship imposes a duty of the highest good faith and fair dealing on each spouse, and neither shall take any unfair advantage of the other." Section 721, subdivision (b), thus requires spousal transactions to be "pleasing to the fiduciary standard." (*In re Marriage of Haines* (1995) 33 Cal.App.4th 277, 293 [39 Cal.Rptr.2d 673].)

A rebuttable presumption of undue influence arises when one spouse obtains an advantage over another in a community property transaction. (*In re Marriage of Haines, supra,* 33 Cal.App.4th 277, 297.) Generally, a fiduciary obtains an advantage if his position is improved, he obtains a favorable opportunity, or he otherwise gains, benefits, or profits. (*Bradner v. Vasquez* (1954) 43 Cal.2d 147, 152 [272 P.2d 11].) The burden of dispelling the presumption of undue influence rests upon the spouse who obtained an advantage or benefit from the transaction. (*In re Marriage of Haines, supra,* 33 Cal.App.4th 277, 297.)

As a matter of law, Sandra received an advantage or benefit from Heino's execution of the promissory note and deed of trust because she then became a secured creditor additionally entitled to 10 percent interest on Heino's obligation. (*Bradner v. Vasquez, supra,* 43 Cal.2d 147, 152 [general definition of advantage to a fiduciary].) At the time of trial, the amount due under the note was approximately $870,000. Had Sandra pursued her statutory right to reimbursement under section 2640, she would not be entitled to interest on the separate property funds she spent nor could her reimbursement exceed the net value of the real property. (§ 2640, subd. (b) ["The amount reimbursed shall be without interest or adjustment for change in

---

[5]Section 2640 states: "(a) 'Contributions to the acquisition of the property,' as used in this section, include downpayments, payments for improvements, and payments that reduce the principal of a loan used to finance the purchase or improvement of the property but do not include payments of interest on the loan or payments made for maintenance, insurance, or taxation of the property.

"(b) In the division of the community estate under this division, unless a party has made a written waiver of the right to reimbursement or has signed a writing that has the effect of a waiver, the party shall be reimbursed for the party's contributions to the acquisition of the property to the extent the party traces the contributions to a separate property source. The amount reimbursed shall be without interest or adjustment for change in monetary values and shall not exceed the net value of the property at the time of the division."

monetary values and shall not exceed the net value of the property at the time of the division."].) Sandra also would not be entitled to reimbursement for separate property funds spent on family living expenses or a deficiency judgment against Heino. (§ 2640, subd. (b).)

As the family law court correctly concluded, Sandra did not dispel the presumption of undue influence arising from the 1989 transaction. (*In re Marriage of Haines, supra,* 33 Cal.App.4th 277, 297.)

We also reject Sandra's contention that the preparation and acceptance of the promissory note and deed of trust are a substitute for a written waiver of her reimbursement rights under section 2640, subdivision (b). That section plainly requires a "written waiver of the right to reimbursement" or "a writing that has the effect of a waiver." The statute is clear. Sandra did not waive her reimbursement rights in a writing according to statute.

The order is affirmed. Costs to respondent.

Coffee, J., and Perren, J., concurred.