[No. D045372. Fourth Dist., Div. One. June 30, 2005.]

In re the Marriage of TODD and YATSUKO A. MATHEWS.
TODD C. MATHEWS, Respondent, v.
YATSUKO A. MATHEWS, Appellant.

## COUNSEL

Edward Castro for Appellant.

No appearance for Respondent.

## OPINION

McDONALD, J.—Yatsuko A. Mathews (Wife) appeals a judgment in favor of Todd C. Mathews (Husband) in a marriage dissolution proceeding awarding Husband their residence as his separate property. This action arose when the parties could not agree on the characterization of the residence, which Wife had quitclaimed to Husband. Wife contends: (1) the trial court erred by placing the burden of proof on her to establish the quitclaim deed was the result of husband's undue influence; (2) Husband had the burden of proof to rebut a presumption of undue influence over Wife; and (3) Husband did not rebut the presumption of undue influence by clear and convincing evidence. She argues the residence should be characterized as community property. We conclude the trial court erred in not applying the proper burden of proof standard; however, substantial evidence supports the court's findings that no undue influence existed and the residence is Husband's separate property. We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

We note that Husband has been served with the notice required by California Rules of Court, rule 17(a)(2). Husband did not file a respondent's brief. Accordingly, the case has been submitted on the record, Wife's opening brief and on oral argument presented by Wife.

A. *Facts Surrounding Residence and Quitclaim Deed*

Wife, then a resident of Japan, met Husband in 1990 during his deployment with the United States Navy. They married in Japan in 1995. In 1997 Husband was transferred and the couple moved to the United States.

In 2002 the couple purchased the residence at issue for $156,655 in El Cajon, California. To obtain a more favorable interest rate on a mortgage Wife quitclaimed her interest in the residence to Husband, and the residence was acquired in his name alone. The quitclaim deed was validly executed and recorded. Wife acknowledged the residence was acquired solely in Husband's name but believed her name would be added to the title at a later date. Throughout the marriage, Wife and Husband both believed the residence was community property and after the separation discovered title to the residence was in his name alone.

B. *Wife's Language Comprehension, Work Experience and Education*

Wife asserts difficulty understanding the complicated terms, contract language and legal effect of the quitclaim deed. Although Japanese is her first language, she attended English classes in Japan. Since their first meeting in 1990, all conversations between Husband and Wife have been conducted in English.

In 1995 Wife accepted a job at an international company in Japan as an operator taking calls from Japanese- and English-speaking customers. Additionally, her first job in the United States required her to speak English about half of the time. In 2003 she began working as a translator of written and oral communications for a United States-based Japanese company.

After moving to the United States, Wife completed an entrance exam for college and received a 98 percent grade in English proficiency. In 2001, one year prior to signing the quitclaim deed, Wife completed an eight-month certificate program taught only in English at a college in California and finished in the top 10 percent of her class.

In addition to Wife's proficiency in English, she managed the marital household finances. She maintained a bank account in her name alone in Japan, maintained separate United States accounts in her name, and maintained a joint account with Husband.

C. *Lower Court Action and Findings*

The couple separated in 2003 and the residence at issue was sold. Husband and Wife agreed on the division of all community and separate property

except the residence. In July 2004 a court trial was held on the issue of whether the residence was Husband's separate property or community property. Wife contended there was a presumption Husband exerted undue influence to obtain her signature on the quitclaim deed, he did not rebut that presumption and the quitclaim deed was therefore ineffective to relinquish her community property interest in the residence.

The trial court declined to apply a presumption of undue influence on Husband and determined Wife entered into the transaction freely, voluntarily and with a full understanding of the quitclaim deed. The court concluded the quitclaim deed was executed in good faith and characterized the residence as Husband's separate property. Wife requests de novo review of the trial court's decision.

## DISCUSSION

Wife argues the trial court erred by refusing to apply *In re Marriage of Haines* (1995) 33 Cal.App.4th 277 [39 Cal.Rptr.2d 673] (*Haines*) and Family Code section 721[1] to a determination that the residence was Husband's separate property. Wife further argues, applying *Haines* and section 721,[2] Husband has the burden of proof to rebut a presumption of undue influence over Wife in signing the quitclaim deed. Additionally, Wife contends that clear and convincing evidence is required to overcome this presumption and Husband did not meet this evidentiary standard.

A. *Application of* Haines *and Section 721*

■ Statutorily, spouses have the right to enter into transactions with each other as well as other persons. (§ 721, subd. (a).) However, interspousal transactions must comport with the rules controlling the actions of persons occupying confidential roles with each other. (§ 721, subd. (b).) Section 721, subdivision (b) provides: "[I]n transactions between themselves, a husband and wife are subject to the general rules governing fiduciary relationships which control the actions of persons occupying confidential relations with each other. This confidential relationship imposes a duty of the highest good faith and fair dealing on each spouse, and neither shall take any unfair advantage of the other." ■ Section 721, subdivision (b) requires interspousal transactions to be "pleasing to the fiduciary standard." (*Haines, supra,* 33 Cal.App.4th at p. 293.) If one spouse secures an advantage from the

---

[1] All statutory references are to the Family Code unless otherwise specified.

[2] Although the trial court refused to apply *Haines* and made no mention of section 721, *Haines* is an interpretation of section 721 and they are both equally applicable to the present case.

transaction, a statutory presumption arises under section 721 that the advantaged spouse exercised undue influence and the transaction will be set aside. (*Haines,* at pp. 293–294.)

The prerequisite elements for the statutory presumption under section 721 to apply are: (1) there exists an interspousal transaction; and (2) one spouse has obtained an advantage over the other. (*Haines, supra,* 33 Cal.App.4th at p. 301.) Generally, a spouse obtains an advantage if that spouse's position is improved, he or she obtains a favorable opportunity, or otherwise gains, benefits, or profits. (*Bradner v. Vasquez* (1954) 43 Cal.2d 147, 152 [272 P.2d 11].) In the present case, Husband and Wife entered into an interspousal transaction by signing a quitclaim deed permitting the residence to be acquired in Husband's name only. Through this transaction, the residence was acquired as Husband's separate property. Husband received an advantage or benefit from Wife's execution of the quitclaim deed when the residence became his separate property. Because the prerequisite elements are met, the statutory presumption of section 721 and *Haines* apply to the instant case.

The trial court declined to apply *Haines* and section 721 in this case based solely on a determination that the cases were factually distinguishable. In *Haines,* the wife executed a quitclaim deed conveying her joint interest in the property to the husband, making it his separate property. The wife testified she did so under considerable emotional and physical duress; the husband disputed this, characterizing the transaction as "calm and businesslike." (*Haines, supra,* 33 Cal.App.4th at pp. 283–285.) During a period of reconciliation, the husband reconveyed his separate property interest in the property to himself and his wife as joint tenants. After the parties later separated, the wife filed for dissolution. (*Id.* at p. 285.)

In the division of property, the trial court awarded the husband reimbursement for the full value of the property at the time of the second transfer to joint property as his separate property contribution to the community. (*Haines, supra,* 33 Cal.App.4th at pp. 285–286.) Concluding the presumption of undue influence trumped the conflicting presumption of record title and the husband had not rebutted the wife's claim of duress in the transaction, this court reversed the trial court's reimbursement of the husband's separate property interest. (*Id.* at pp. 301–302.)

Although the facts of *Haines* differ from those here, the reasoning and analysis supporting the applicability of section 721 is the same in both cases. The rationale of *Haines* applies to *any* interspousal property transaction in which the evidence shows one spouse obtained an advantage over the other. (*In re Marriage of Delaney* (2003) 111 Cal.App.4th 991, 999 [4 Cal.Rptr.3d

378] (*Delaney*).) Nothing in *Haines* confines its holding to situations in which the interspousal property conveyance was the result of actual fraud, deceit or coercion.

### B. *The Burden of Proof and Presumption under* Haines *and Section 721*

A rebuttable presumption of undue influence arises when one spouse obtains an advantage over another in an interspousal property transaction. (*Haines, supra,* 33 Cal.App.4th at p. 297.) The burden of rebutting the presumption of undue influence is on the spouse who acquired an advantage or benefit from the transaction. (*Ibid.*) In every transaction between a husband and wife in which one party obtains a possible benefit, equity raises a presumption against its validity and " 'casts upon that party the burden' " of proving compliance and overcoming the presumption. (*Estate of Cover* (1922) 188 Cal. 133, 143–144 [204 P. 583]; see *Delaney, supra,* 111 Cal.App.4th at pp. 996–997; *In re Marriage of Lange* (2002) 102 Cal.App.4th 360, 364 [125 Cal.Rptr.2d 379].)

The trial court here improperly refused to apply the section 721 presumption of undue influence that places the burden of proof on Husband. As the party asserting the residence acquired during the marriage is separate rather than community property, Husband bore the burden of overcoming the presumption against that assertion. Consequently, it was Husband's burden to establish Wife's signing of the quitclaim deed was freely and voluntarily made, with full knowledge of all the facts, and with a complete understanding of its effect of making the residence Husband's separate property. (*Haines, supra,* 33 Cal.App.4th at p. 296.)

### C. *Evidentiary Standard to Rebut a Presumption of Undue Influence*

Wife contends Husband presented insufficient evidence to rebut the presumption of undue influence. *Haines* and section 721 do not specifically delineate an evidentiary standard for overcoming the presumption of undue influence; however, *Haines* does specify several factors that rebut the presumption of undue influence. These factors include evidence the quitclaim deed was freely and voluntarily made, with a full knowledge of all the facts and with a complete understanding of the effect of the quitclaim deed. (*Haines, supra,* 33 Cal.App.4th at p. 296.)

Wife contends Husband must overcome the presumption of undue influence by clear and convincing evidence. Wife points out that although *Haines* does not articulate a specific standard of proof to rebut the presumption of undue influence, it does offer authority for applying a clear and convincing

evidentiary standard. However, Wife's contention that a presumption is rebuttable only by clear and convincing evidence is not generally accepted.[3]

■ Although Wife agrees section 721 applies, nothing in the statute requires the presumption of undue influence be overcome by clear and convincing evidence. Because statutory law does not provide the answer, we look to case law to determine the degree of proof required to rebut undue influence in the marital confidential fiduciary relationship. Although some authority requires clear and convincing evidence to rebut the presumption (*Bank of America v. Crawford* (1945) 69 Cal.App.2d 697, 701 [160 P.2d 169]), the weight of authority concludes the burden of rebutting the presumption of undue influence is by a preponderance of the evidence. (See *Estate of Stephens* (2002) 28 Cal.4th 665, 677 [122 Cal.Rptr.2d 358, 49 P.3d 1093]; *Estate of Gelonese* (1974) 36 Cal.App.3d 854, 863 [111 Cal.Rptr. 833].) Moreover, Evidence Code section 115 defines burden of proof and states, "Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence." Because section 721 does not specify a greater burden, Husband may overcome the presumption of undue influence by a preponderance of the evidence.

The trial court concluded that Wife did not establish Husband used undue influence to obtain the quitclaim deed. However, it was Husband's burden to establish the quitclaim deed was freely and voluntarily made, with a full knowledge of all the facts and with a complete understanding of the transfer. (*Haines, supra,* 33 Cal.App.4th at p. 296.) Substantial evidence in the record supports the conclusion that Husband satisfied his burden of proof by a preponderance of the evidence and rebutted the presumption of undue influence. The record shows Husband and Wife agreed that she sign the quitclaim deed as the only way to obtain a lower interest rate on the mortgage. Wife freely and voluntarily executed the quitclaim deed to help with the purchase of the residence and acknowledged title to the residence would be taken in Husband's name alone. Wife had full knowledge of all of the facts surrounding the execution of the quitclaim deed and the reasons for it were clear to her. Wife further admitted to asking questions when she was unclear but asked none when she signed the quitclaim deed. Husband placed no pressure on Wife to sign and, by both of their admissions, the quitclaim deed allowed a lower interest rate on the mortgage. The purchase of the residence was not dependant on Wife signing the quitclaim deed.

■ Husband's most difficult factor in overcoming the presumption of undue influence was showing Wife had a complete understanding of the effect

---

[3] *Haines* notes there is a limited range of issues for which a party will be held to the higher evidentiary standard of clear and convincing evidence, suggesting the need to apply a lower standard in most situations. (*Haines, supra,* 33 Cal.App.4th at p. 294, fn. 9.)

of the quitclaim deed. Wife contends that language barriers limited her comprehension of the purchase of the residence. However, the record shows Wife was above average in her English skills and competent to complete a college certification course taught in English. She spoke English from the time she met Husband and eventually worked as a translator, suggesting a more than adequate command of the English language. Further, Husband entrusted almost all financial matters to wife, relying on her judgment and management. Wife had separate investment accounts and made her own investment decisions with those accounts. She controlled both her income and Husband's, and paid all of the household bills. Wife acknowledged her bad credit rating prevented her and Husband from receiving a lower interest rate if they both acquired title to the residence, and made a conscious decision to sign the quitclaim deed. Wife further admitted to knowing her name was not on the title and assumed it would be added later. On this record, there is no basis for overturning the trial court's decision that the quitclaim deed was valid and executed freely and voluntarily in good faith. Husband rebutted the presumption of undue influence by a preponderance of the evidence.

■ The trial court should have applied the standard set out in *Haines, supra,* 33 Cal.App.4th 277 and section 721; however, "If the *decision* of a lower court is correct on any theory of law applicable to the case, the judgment or order will be affirmed regardless of the correctness of the grounds [on] which the lower court reached its conclusion. The rationale for this principle is twofold: (a) an appellate court reviews the *action* of the lower court and not the reasons given for its action; and (b) there can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct." (*In re Estate of Beard* (1999) 71 Cal.App.4th 753, 776 [84 Cal.Rptr.2d 276]; see also *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117] ["[A] ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason."].)

Substantial evidence supports the trial court's conclusion that the quitclaim deed was the voluntary and deliberate act of Wife, taken with full knowledge of its legal effect, and Husband did not unduly influence Wife to acquire title to the residence in his name alone. It is correct, as Wife contends, that when a husband secures a property advantage from his wife, the burden is on him to show that there his been no undue influence. (*Haines, supra,* 33 Cal.App.4th at p. 296.) It is also correct, however, that whether the spouse gaining an advantage has overcome the presumption of undue influence is a question for the trier of fact, whose decision will not be reversed on appeal if supported by substantial evidence. (*Weil v. Weil* (1951) 37 Cal.2d 770, 788 [236 P.2d 159].) Substantial evidence supports the conclusion that Husband rebutted the presumption of undue influence over Wife's signing the quitclaim deed by a preponderance of the evidence. The court correctly determined the residence was the separate property of Husband.

## DISPOSITION

The judgment is affirmed. Husband is entitled to costs on appeal.

Benke, Acting P. J., and Nares, J., concurred.